DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITY OF PEMBROKE PINES,**
Appellant,

v.

**TOWN OF SOUTHWEST RANCHES,**
Appellee.

No. 4D22-2212

[March 22, 2023]

Appeal from the Circuit Court of the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. CACE22-005880.

E. Bruce Johnson and Hudson C. Gill of Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A., Fort Lauderdale, for appellant.

Richard J. DeWitt III, Jordan Blair Isrow, and Payton Poliakoff of Government Law Group, PLLC, Fort Lauderdale, and Susan E. Trench of Susan E. Trench, P.A., Miami, for appellee.

FORST, J.

Appellant City of Pembroke Pines appeals the trial court's order dismissing its public records enforcement action against Appellee Town of Southwest Ranches. The dismissal was without prejudice to Pembroke Pines refiling the action once it had exhausted the conflict resolution procedures prescribed by Chapter 164, Florida Statutes (2022), the Florida Governmental Conflict Resolution Act. We affirm and write to address Pembroke Pines' contention that a dispute concerning a governmental entity's public records' request is exempt from section 164.1041's duty for pre-litigation negotiation.

**Background**

Pembroke Pines and Southwest Ranches have been embroiled in a complex contract dispute for more than a decade. Pembroke Pines eventually prevailed after a jury trial and was awarded its reasonable attorney's fees. We recently affirmed the trial court's final judgment in favor of Pembroke Pines. *Town of Sw. Ranches v. City of Pembroke Pines,*

1

No. 4D22-418 (Fla. 4th DCA Feb. 9, 2023). As part of its effort to establish the reasonableness of its attorney's fees submission, Pembroke Pines made a public records request, pursuant to Chapter 119, Florida Statutes (2022), for records related to Southwest Ranches' attorney's fees and expenses. In response, Southwest Ranches claimed that these records were exempt from public records disclosure because the litigation between the parties was ongoing, pending appeal of the jury verdict. Southwest Ranches thus refused to produce any of the requested records.

Pembroke Pines sent written notice to Southwest Ranches of its intent to sue to enforce its public records request. After Southwest Ranches still did not comply, Pembroke Pines filed the suit underlying this appeal. Southwest Ranches then filed a Motion to Dismiss and/or Abate, referencing section 164.1041, Florida Statutes (2022). That statute requires governmental entities to exhaust alternative dispute resolution options before initiating court proceedings. In response, Pembroke Pines argued section 164.1041 does not apply to actions under Chapter 119. The trial court disagreed and dismissed the action without prejudice, stating: "once [Pembroke Pines] has exhausted the conflict resolution procedures in Chapter 164, it may refile the case." The court did not rule on whether Southwest Ranches unlawfully refused to comply with Pembroke Pines' record request. This appeal timely followed.

**Analysis**

Pembroke Pines' appeal concerns the question of whether, before filing suit under the Public Records Act against another governmental entity, the suing governmental entity must first comply with section 164.1041, and attempt pre-suit conflict resolution, or whether a Chapter 119 public records request falls under a statutory exception to section 164.1041's "duty to negotiate." The standard of review on this issue is *de novo*. *B.Y. v. Dep't of Child. & Fams.*, 887 So. 2d 1253, 1255 (Fla. 4th DCA 2022) ("The standard of appellate review for issues involving the interpretation of statutes is de novo.").

Section 164.1041(1) imposes on government agencies a duty to negotiate before initiating litigation that requires that "court proceedings on the suit **shall be abated**, by order of the court, **until the procedural options of this act have been exhausted**." § 164.1041(1), Fla. Stat. (2022). (emphasis added). These procedures require notice, preliminary and public meetings, and resolution of the conflict via passage of an ordinance, resolution, or interlocal agreement. *See* §§ 164.1053–57, Fla. Stat. (2022). The statute also provides a limited set of exceptions and instances where these procedures do not apply.

In pertinent part, section 164.1041(1), Florida Statutes (2022) provides:

2

> If a governmental entity files suit against another governmental entity, court proceedings on the suit shall be abated, by order of the court, until the procedural options of this act have been exhausted. The governing body of a governmental entity initiating conflict resolution procedures pursuant to this act shall, by motion, request the court to issue an order abating the case pursuant to this section. All governmental entities are encouraged to use the procedures in this act to resolve conflicts that may occur at any time between governmental entities, but shall use these procedures before court proceedings, consistent with the provisions of this section. . . . Nothing in this act is intended to abrogate other provisions of law which provide procedures for challenges to specific governmental actions, including, but not limited to, comprehensive plan amendments and tax assessment challenges. The provisions of this act shall not apply to conflicts between governmental entities . . . if the governmental entities have reached an impasse during an alternative dispute resolution process engaged in prior to the initiation of court action.

*Id.*

Chapter 164's intent is that intergovernmental disputes be resolved "to the greatest extent possible without litigation." § 164.102, Fla. Stat. (2022). In furtherance of that goal, "[i]t is not the intent of [the legislation creating Chapter 164] to limit the conflicts that may be considered under this act." § 164.1051, Fla. Stat. (2022).

> [W]here a governmental entity files suit against another governmental entity and the procedural options under chapter 164 have not been exhausted, the plain language of section 164.1041(1) requires the trial court to abate the action regardless of whether either party has initiated the conflict resolution procedures. Any other reading would produce absurd results, would permit parties to evade conflict resolution in favor of litigation, frustrating the entire legislative purpose and intent of Chapter 164.

*City of Miami v. City of Mia. Firefighters' & Police Officers' Ret. Tr. & Plan,* 249 So. 3d 709, 716 (Fla. 3d DCA 2018).

A number of proceedings that are exempted from the section 164.1041 duty to negotiate are explicitly mentioned in section 164.1041(1): Chapter 120 proceedings; appeals; crossclaims and counterclaims filed in

litigation; eminent domain, foreclosure or other proceedings where the governmental entity is a necessary party; where a different alternative dispute resolution process is specifically required by general law or contractually agreed to or used; challenges to comprehensive plan amendments; and tax assessment challenges. Section 164.1041(1) does not explicitly mention Public Records Act disputes.

Nonetheless, Pembroke Pines, below and on appeal, with reference to section 164.1041(1), argues that section 119.11 is a "procedure[] for challenges to specific governmental actions," and the duty to negotiate would "abrogate" that section's "accelerated hearing" procedure.

We agree with the Answer Brief:

> Nothing in Chapter 119 is abolished, annulled or repealed by requiring governmental entities to attempt to work out disputes between themselves regarding a public records request before the issue is addressed by the court. Section 119.11(1) . . . does provide that, once a suit is filed, it is to be heard expeditiously and given priority over other pending cases, but those provisions are not abrogated by requiring a governmental entity to first comply with Chapter 164 when its dispute is with another governmental entity.

There is no statutory ambiguity here. Section 164.1041(1)'s plain language states that suits between government entities "shall be abated, by order of the court, until the procedural options of this act have been exhausted." § 164.1041(1), Fla. Stat. (2022). We read this language as a clear effectuation of the Legislature's intent that "conflicts between governmental entities be resolved to the **greatest extent possible without litigation**." § 164.102, Fla. Stat. (2021) (emphasis added). An exception from the duty to negotiate, for a public record request, must come from the Legislature, not the courts.

### Conclusion

Suits between government entities arising under Chapter 119 do not fall into the provided exceptions to the duty to negotiate under section 164.1041(1). We accordingly affirm the trial court's order dismissing Pembroke Pines' public records suit until it has exhausted alternative dispute resolution procedures pursuant to Chapter 164.

*Affirmed.*

WARNER and CIKLIN, JJ., concur.

4

*        *         *

*Not final until disposition of timely filed motion for rehearing.*